UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK SMITH,<br><br>                Plaintiff,<br>v.<br><br>COUNTY OF SANTA CRUZ, et. al.,<br><br>                Defendants | Case No.: 13-CV-00595-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE; DENYING MOTION TO STRIKE |

Jack Smith brings this action against the County of Santa Cruz, several of its employees and entities, members of the Felton Business Association (a local community group), and the State of California for alleged violations of 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and a host of state laws. Before the Court now are the Defendants' Motion to Dismiss and Defendants' Motion to Strike the First Amended Complaint. The Court, having considered the briefing on these motions, DENIES the Motion to Strike and GRANTS the Motion to Dismiss without prejudice.

**I.    BACKGROUND**

The complaint in this case is not altogether clear, but Plaintiff, who is in his mid or late 70s, appears to allege injuries that result, in broad terms, from two sets of circumstances: the first concerns the condemnation of Plaintiff's house and the second concerns several arrests and his treatment in custody. *See* ECF No. 27. Plaintiff appears to allege that these incidents led to the deprivation of his constitutional rights, which caused physical and emotional injuries, but other

1

parts of the complaint suggest that Plaintiff may be dead. *Id.* ¶ 78(C) ("The plan, initiated at a vigilante meeting of the Felton Business Association and the county consisted of . . . Homelessness and death of Plaintiff, acquisition of Plaintiff's property for sale to an insider.").

With respect to the condemnation, Plaintiff alleges that in February 2011, Defendant Kevin Fitzpatrick tagged Plaintiff's home to give notice that the home did not comply with certain local zoning ordinances. *Id.* ¶ 42. This tagging, Plaintiff contends, coincided with a "vigilante" meeting of the Felton Business Association, Santa Cruz Sheriff, Santa Cruz Supervisors, and Planning Department, the goal of which was to remove Plaintiff from his house. *Id.* ¶ 43. As a result of the tagging, in March 2011, Plaintiff was forced to vacate his residence and became homeless. *Id.* ¶ 50. Plaintiff's home was then sold in what appears to be a foreclosure sale. *Id.* ¶ 68.

Plaintiff's second set of allegations concern a series of arrests. He alleges that in February 2011, Defendants arrested Plaintiff and made Plaintiff stand in the sun for seven hours while Defendants sought a search warrant. *Id.* ¶ 96. Plaintiff alleges that he was denied water, shade, and medicine. *Id.* ¶ 100-01. Plaintiff further alleges that Defendants engaged in a conspiracy that resulted in a separate false arrest in February 2011. *Id.* ¶ 105. Similar schemes resulted in two similar false arrests in June and August 2011, according to Plaintiff. *Id.* ¶ 108; 111. In each of these arrests, Plaintiff alleges that several articles of his property were seized. *Id.* ¶¶ 97, 107, 109. Plaintiff further alleges that in May 2012, while he was in the custody of the Santa Cruz County Jail, he was denied medicines that were prescribed to "alleviate several life threatening conditions." *Id.* ¶ 117.

Plaintiff filed his complaint on February 11, 2013, and filed a first amended complaint ("FAC") on April 26, 2013, at which point Defendants were served. ECF Nos. 1, 5. The FAC asserts the following causes of action: (1) eminent domain through illegal inverse condemnation under the state and federal constitutional claims; (2) slander and libel; (3) several allegations of false arrest and imprisonment; (4) two separate allegations of cruel and unusual punishment under the Eighth Amendment, California Constitution, and California statute; (5) violations of RICO; and (6) elder abuse in violation of California law. *See* ECF No. 27.

Several of the Defendants filed a Motion to Dismiss with an accompanying request for judicial notice on May 28, 2013. ECF No. 10.[1] The remaining Defendants joined the Motion to Dismiss. ECF No. 18. On June 10, 2013, Plaintiff filed an opposition that contained redactions, ECF No. 20, and on June 18, 2013, Defendants filed a reply, ECF No. 24. On June 19, 2013, at a Case Management Conference, this Court discovered that the FAC had not been signed by either Plaintiff or his counsel. Accordingly, the Court ordered Plaintiff to refile the FAC with the verification by June 28, 2013. ECF No. 26. The Court's order stated that the verified FAC would replace the initially filed, unverified FAC and that "Plaintiff is not permitted to make any changes to the FAC beyond including the verifications." *Id.* Plaintiff filed the verified FAC, which included signatures of both Plaintiff and his counsel, on June 27, 2013. ECF No. 27. The Court further ordered Plaintiff to re-file the opposition to the Motion to Dismiss without the redactions contained in the original opposition by June 21, 2013, and to provide the Court and Defendants with the DVDs and exhibits that were attached to the initial opposition by June 24, 2013. ECF No. 26. On June 27, 2013, Plaintiff filed the opposition without the redactions, along with thirty-six exhibits. ECF No. 28. On July 1, 2013, Defendants filed objections to the verified FAC, the re-filed opposition, and the various attached exhibits. ECF No. 29. Defendants contend that the verified FAC contained various changes from the unverified version, that the opposition and exhibits were untimely filed, and that the exhibits cannot be considered because Plaintiff did not seek judicial notice. *Id.* Defendants further moved to strike the verified FAC on the basis that Plaintiff had made additional changes besides the signature and that Plaintiff had dated the verified FAC on April 23, 2013, which was three days before the unverified FAC had been filed. ECF No. 30. Plaintiff has filed no opposition to the motion to strike.

## II. LEGAL STANDARDS

---

[1] Defendants request judicial notice with respect to several state and federal court documents related to Plaintiff's criminal history, injunctions preventing Plaintiff from accessing his property, and Plaintiff's counsel's litigation activity in this district. ECF No. 12. Further, Defendants request judicial notice of portions of local ordinances in Santa Cruz County. *Id.* Proper subjects of judicial notice include orders issued by other courts, *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) ("We take judicial notice of the California Court of Appeal opinion"), as well as "records of state agencies and other undisputed matters of public record," *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). Accordingly, the Court GRANTS the request for judicial notice.

**A.     Motion to Dismiss**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). A court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

**B.     Leave to Amend**

If a court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a district court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Where those conditions are not present, a court generally grants leave to amend.

### III.   MOTION TO STRIKE

Defendants move to strike the verified FAC on the basis that Plaintiff violated this Court's order that Plaintiff would not be permitted to make any revisions to the FAC when he filed a verified version. ECF No. 26, 30. Defendants contend that Plaintiff made several changes to the FAC before filing the verified version. ECF No. 30 at 1-2. Defendants' primary concern is that the verification was "backdated." *Id.* at 2. Specifically, Defendants contend that the unverified FAC was filed on April 26, 2013, while the verified FAC was signed on April 23, 2013. *Id.* Defendants are concerned about this because several of their contentions in the Motion to Dismiss relate to whether Plaintiff's complaint is time-barred. *Id.*

The purposes of the Federal Rules of Civil Procedure are to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Furthermore, the pleading rules are designed to "facilitate decision on the merits, rather than on the pleadings and technicalities." *Lopez,* 203 F.3d at 1127. For these reasons, motions to strike "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

The Court finds that these purposes are better satisfied by resolving the Motion to Dismiss on the merits rather than by striking the complaints in this case. Deciding the Motion to Dismiss advances resolution of the case on the merits and avoids the needless delay and expense that would result from requiring Plaintiff to file another complaint and requiring Defendants to file another Motion to Dismiss. Furthermore, the Court finds that the changes made between the unverified and verified complaints are largely non-substantive. These changes concern renumbering causes of action or making modifications to the wording of specific paragraphs. The Court finds that these changes would not affect its decision on the Motion to Dismiss. Moreover, the Court finds that Defendants' concern regarding the supposed backdating of the FAC is unfounded. It is plausible that the FAC was signed three days before it was filed. In addition, the three-day backdating has no effect on Defendants' statute of limitations arguments in their Motion to Dismiss, which are largely based on the fact that Plaintiff's original complaint, which was indisputably filed on February 11, 2013, was allegedly untimely. *See, e.g.*, ECF No. 11 at 4 (contending, in the Motion to Dismiss that "Smith was required to file suit . . . by February 10, 2013. Having not filed his original complaint in this case until February 11, 2013, his state law tort claims are barred because they are untimely . . . ." (internal citations omitted)). The date of the filing of the FAC is largely immaterial to Defendants' contentions in their Motion to Dismiss.

Therefore, the Court finds that striking the FAC would delay the expeditious termination of this litigation on the merits. The Court also finds that Defendants suffer no prejudice from resolving the Motion to Dismiss on merits. Accordingly, the Court DENIES the Motion to Strike and proceeds to decide the Motion to Dismiss.[2]

---

[2] Defendants filed objections to the opposition and exhibits, which were filed on June 27, 2013, on the basis that those filings were untimely pursuant to this Court's order, which required the opposition to be filed by June 21, 2013, and the exhibits to be filed by June 24, 2013. ECF Nos. 26, 29. In this case, the Court finds that the untimely filing of the opposition caused no prejudice to Defendants as the untimely opposition merely added names that had been omitted from the original opposition. These names are immaterial to the Court's decision on the Motion to Dismiss. However, with regard to the opposition exhibits, the Court will only consider some of these documents. Plaintiff has filed several exhibits, which appear to be newspapers, court records, and other documents, but Plaintiff has not requested that this Court take judicial notice of these documents. The Court nevertheless finds that it may consider the opposition exhibits that are obviously public records. *See* ECF No. 28-4 (order to eliminate public nuisance), ECF No. 28-5 (lawsuit brought by county against Plaintiff), ECF No. 28-6 (list of Plaintiff's medication from county jail), ECF No. 28-7 (notice of allegation of property violations), ECF No. 28-8 & 28-9

### IV. MOTION TO DISMISS

#### A. Federal Causes of Action

Plaintiff asserts the following federal causes of action: (1) eminent domain through illegal inverse condemnation in violation of the Fifth Amendment; (2) false arrest and false imprisonment in violation of the First, Fourth, Fifth, Eighth, Twelfth, and Fourteenth Amendments; (3) cruel and unusual punishment in violation of the Eighth Amendment; and (4) violations of RICO. For the reasons stated below, Plaintiff fails to state a claim with respect to each of these causes of action.

First, with respect to the Fifth Amendment claim for eminent domain through inverse condemnation, it appears that Plaintiff is trying to make a regulatory takings claim. Specifically, his allegations suggest that Defendants improperly tagged Plaintiff's property for violating local housing code. "In order to assert an as-applied takings claim, a plaintiff must establish two things: (1) the governmental entity has reached a final decision on the applicability of the regulation to the plaintiff's property; and (2) the plaintiff is unable to receive just compensation from the government." *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1102 (9th Cir. 1998). To meet the second element, Plaintiff must have "pursued an inverse condemnation claim in state court." *Id.* There is no indication in the FAC that Plaintiff has pursued such a claim in state court. While there are some vague allegations regarding state court proceedings, *see, e.g.*, ECF No. 27 at 61, it is not clear what these actions are about or whether the Plaintiff in the instant case was a plaintiff or defendant to the state proceedings. In light of the lack of an allegation that Plaintiff pursued inverse condemnation remedies in state court, Plaintiff fails to allege the second element of an as-applied takings claim under the Fifth Amendment. Because Plaintiff has not stated a claim

---

(notice of zoning violations), ECF No. 28-13 & 28-14 (prison grievance by Plaintiff), ECF No. 28-18 & 28-19 (Plaintiff's court filings seeking return of personal property), ECF No. 28-24 (court ordered fine), ECF No. 28-31 (verification of veteran's benefits), ECF No. 28-32 (Veteran's Administration documents), ECF No. 28-34 (letter from County Planning Department to Plaintiff); Fed. R. Evid. 201 ("The court may take judicial notice on its own."). The authenticity of the remaining documents has not been established because these documents cannot be identified, are incomplete, or contain markings the sources of which are unclear. Accordingly, the Court will not consider these remaining documents in deciding the Motion to Dismiss. *Swartz*, 476 F.3d at 763 ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."); *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004).

with respect to the second element, the Court need not reach the question of whether Plaintiff has adequately alleged the first element.

Second, the Court finds that all of the false arrest and imprisonment causes of action are barred by the statute of limitations. "Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions," which in California is one year. *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001). The dates given in the complaint for when the purportedly unlawful arrests and imprisonments occurred are: February 3, 2011; February 22, 2011; June 21, 2011; August 3, 2011; August 4, 2011. ECF No. 27 at 20-22. The original complaint in this case was filed on February 11, 2013. Because more than a year elapsed between the alleged false arrests and filing of the complaint, Plaintiff's false arrest and imprisonment causes of action are time-barred.

Third, with respect to Plaintiff's causes of action for cruel and unusual punishment, the Court finds that these are either time-barred or inadequately pleaded. Plaintiff's first cause of action for cruel and unusual punishment results from activities that occurred "on or about August 3, 2011." ECF No. 27 at 22. Because Plaintiff's complaint was not filed until February 11, 2013, this cause of action is barred by the one-year statute of limitations. *Knox*, 260 F.3d at 1012.

Plaintiff's second cause of action relates to the willful and knowing deprivation of necessary medicines by Santa Cruz County Jail on May 3, 2012. ECF No. 27 at 24. This cause of action is not time-barred, since the facts giving rise to the cause of action occurred less than a year before the complaint in the instant case. Nevertheless, the Court finds that Plaintiff has not alleged facts to support this cause of action. Plaintiff conclusorily states the "County of Santa Cruz and it's [sic] agents at the Santa Cruz County Jail did willfully and knowingly deprive Plaintiff of necessary medicines as prescribed by a licensed doctor to alleviate several life threatening conditions." *Id.* ¶ 117. The Court finds that Plaintiff's allegation is deficient. The complaint does not state which of the myriad Defendants served as agents of the Santa Cruz County Jail and deprived Plaintiff of his constitutional rights. Further, there is no indication that the Defendants knew of Plaintiff's medical condition and were deliberately indifferent to such a condition. Rather, the complaint contains only vague allegations such as "March 17, 2012 Plaintiff denied access to

medicines for violation of court order to stay away" and "April 20, 2012 Plaintiff's inmate 042233 grievance regarding Plaintiff's health." ECF No. 27 ¶¶ 62, 65-67. The Court cannot, based on these unclear allegations, find that Plaintiff has stated a claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). If Plaintiff chooses to amend the complaint, Plaintiff shall identify which potentially unlawful conduct each Defendant engaged, about what illness each Defendant was notified, and how each Defendant responded to each of Plaintiff's requests for further treatment.

Fourth, Plaintiff's allegation that Defendants violated RICO also fails to state a claim. The vast majority of Defendants are either state or municipal entities or employees of these entities. ECF No. 27 at 3-7. Government entities and their employees are not subject to RICO liability. *See Lancaster Cmty Hosp. v. Antelop Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991) ("The RICO claims against [a government hospital] fail because government entities are incapable of forming a malicious intent."); *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (same); *Ochoa v. Hous. Auth. of City of Los Angeles*, 47 F. App'x 484, 486 (9th Cir. 2002) ("Neither a municipal corporation nor its employees in their official capacities are subject to civil RICO liability."). Accordingly, Plaintiff's claim against Defendants who are government entities and employees necessarily fails to state a claim.

Plaintiff also alleges that individual members of the Felton Business Association violated RICO. These individuals are not government employees. Plaintiff contends that these individuals violated 18 U.S.C. § 1962(c), which states that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a *pattern of racketeering activity* or collection of unlawful debt." 18 U.S.C. § 1962(c) (emphasis added). Plaintiff further contends that these Defendants violated section 1962(d), which prohibits conspiring to violate subsection (c) above. *Id.* § 1962(d).

Plaintiff has not stated a claim even with respect to these Defendants. As a threshold matter, it is not clear how the alleged wrongful conduct of the conspiracy (in which all Defendants,

including members of the Felton Business Association and government entities and employees, purportedly participated)—unlawful condemnation, illegal arrests, and slander—affected "interstate or foreign commerce." Moreover, this Court finds that Plaintiff has not alleged a "pattern of racketeering activity." The Supreme Court has held that demonstrating a pattern of racketeering activity requires allegations that "racketeering predicates are related *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1998) (emphasis in original). In this case, Plaintiff has not alleged any threat of continued criminal activity. Plaintiff was the sole alleged victim of the enterprise. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535-36 (9th Cir. 1992) (describing the fact that "[defendant's] collective conduct is in a sense a single episode having the singular purpose of impoverishing [plaintiff], rather than a series of separate, related acts" as a "problem[] with [plaintiff's] allegations of a pattern of racketeering activity"). There is no allegation that the members of the Felton Business Association would engage in any continuing criminal conduct or would target anyone other than Plaintiff. This is fatal to Plaintiff's RICO claim. *Id.* (affirming dismissal of RICO claim where "there is no suggestion that these defendants would have continued to tamper with witnesses, or that they ever intended anyone but [the plaintiff] any harm."). Accordingly, Plaintiff fails to state a RICO claim against any of the Defendants.

**B.     Supplemental Jurisdiction**

Plaintiff's remaining causes of action are state law causes of action. A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Conversely, a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937-38 (9th Cir. 2003) (holding that Section 1367(c) grants federal courts the discretion to dismiss state law claims when all federal claims have been dismissed). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en

10

banc) (internal quotation marks omitted). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state[-]law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

Here, the factors of economy, convenience, fairness, and comity instruct that Plaintiff's remaining state-law claims should be dismissed. This case is still at the pleading stage, and no discovery has taken place. Judicial resources are conserved by dismissing the case at this stage. Furthermore, Defendants have raised several state-law defenses to Plaintiff's state-law claims. Therefore, the Court finds that dismissal promotes comity as it enables California courts to interpret these questions of state law. For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Strike and GRANTS Defendants' Motion to Dismiss. The Court grants Plaintiff leave to amend because it does not find bad faith, undue delay, repeated failure to cure deficiencies, undue prejudice, or futility. Should Plaintiff elect to file a Second Amended Complaint curing the deficiencies identified herein, he shall do so within 21 days of the date of this order. Any amendment should clear up the ambiguity in the current complaint with regard to whether Plaintiff is alive. Failure to meet the 21-day deadline to file an amended complaint or failure to cure the deficiencies identified in this order will result in a dismissal with prejudice. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: November 26, 2013

_____
LUCY H. KOH
United States District Judge