1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JACK SMITH, | ) | Case No.: 13-CV-00595 LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| v. | ) | MOTION TO DISMISS |
| | ) | |
| COUNTY OF SANTA CRUZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jack Smith ("Plaintiff") in his Second Amended Complaint ("SAC") asserts three

causes of action under 42 U.S.C. § 1983 against the County of Santa Cruz ("County") and 25

County employees (collectively, "Defendants"). *See* ECF No. 54. The Court previously granted a

motion to dismiss filed by various Defendants, but granted Plaintiff leave to amend. *See* ECF No.

49. Defendants now move to dismiss or strike portions of the SAC. *See* ECF No. 57. The Motion is

fully briefed. *See* ECF Nos. 58 ("MTD II"), 61, 62. The Court finds the matter suitable for decision

without oral argument under Civil Local Rule 7-1(b) and VACATES the hearing set for July 24,

2014 at 1:30 p.m. The Case Management Conference set for that same time remains as scheduled.

Having considered the briefing, the record in the instant case, and the applicable law, the Court

GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.

**United States District Court**
For the Northern District of California

# I.   BACKGROUND

## A.   Factual Background

Plaintiffs' allegations stem from four arrests of Plaintiff made by Defendants and Plaintiff's resulting confinement. SAC ¶¶ 3, 8, 9, 10, 11. Plaintiff's allegations related to each of these arrests are as follows:

- **February 3, 2011**: Plaintiff alleges that he was arrested "with no probable cause or even a reasonable suspicion," and "unlawfully detained and arrested" by Defendants Baldridge, Hop, Hensen, Mitchell, and Harris. *Id.* ¶ 9.

- **February 22, 2011:** Plaintiff alleges that he was arrested "with no probable cause or even a reasonable suspicion" and "unlawfully detained and arrested" by Defendants Yaniz, Ross, Plageman, Parker, and Hanks. *Id.* ¶ 10. Plaintiff further alleges that during the course of this arrest, he was falsely imprisoned by the officers, who forced him to stand in the sun for seven hours "while they obtained a search warrant." *Id.* Plaintiff alleges specifically that during this time Defendant Ross "instructed the other officers present to refuse to provide [P]laintiff with shade or water." *Id.* Plaintiff alleges that as a result of these actions, he suffered "not only . . . the usual symptoms of heat prostration, but also his skin, which was infected with cancer, began to bleed." *Id.*

- **June 21, 2011:** Plaintiff alleges that he was arrested "with no probable cause or even a reasonable suspicion" and "unlawfully detained and arrested" by Defendants Ross, Smith, Clark, Taylor, and Barton. *Id.* ¶ 11.

- **August 3, 2011:** Plaintiff alleges that on this date he was arrested "with no probable cause or even a reasonable suspicion" and "unlawfully detained and arrested" by Defendants Cassingham, Hansen, Gazza, Ross, Yanez, Clark, Cragin, Medina, Ye, McPeek, Fairbanks, and Smith. *Id.* ¶ 11.

Plaintiff alleges generally that in conjunction with these arrests the acting officers "seized the personal property of the [P]laintiff and . . . have refused to return the items to the [P]laintiff." *Id.* ¶ 23. Plaintiff does not specify during which arrests his property was seized, but states that "cash, medications, vehicles, personal papers, credit cards and computer equipment" were among the property taken from him. *Id.* ¶ 19.

Subsequent to his allegedly unlawful arrests, Plaintiff was imprisoned in the Santa Cruz County Jail. Plaintiff alleges that while he was imprisoned he suffered from health problems "including but not limited to heart trouble, kidney failure, strokes, edema, aortic aneurism, diabetes, hypertension, skin cancer and gout." *Id.* ¶ 13. Plaintiff alleges that prior to going to County Jail, Plaintiff was treated by a physician at a Veteran's Affairs Medical Facility. The physician had prescribed Plaintiff medications to treat these medical issues. *Id.* Plaintiff alleges that

2

when he was taken into the County Jail, he informed those in charge of his need for prescribed medications and of his health problems. *Id*. ¶ 14. Plaintiff alleges that various Defendants knew about Plaintiff's health problems, and "willfully and knowingly deprived Plaintiff of the necessary medications proscribed by his physician to alleviate several life-threatening conditions including cardiac and renal failure." *Id*. ¶ 15. According to the SAC, Plaintiff asked County Jail personnel to get him these medications and filed a grievance complaint asking for the medications on May 15, 2012. *Id*. ¶ 16. Plaintiff alleges that he was imprisoned at the County Jail for five months, "where his physical condition continued to deteriorate due to [D]efendants' deliberate and knowing inaction and failure to provide him with necessary medical care for his serious illnesses." *Id*. Plaintiff alleges that he was finally released from the County Jail due to the severity of his medical conditions. *Id*. ¶ 17. Plaintiff claims that due to the deprivation of his medications, he suffered "serious setbacks to his health including edema causing him to be unable to walk, renal failure and other life threatening conditions." *Id*. ¶ 18. Plaintiff further claims that a treating physician concluded that these deprivations shortened his life. *Id*.

Plaintiff alleges that after his release from the Santa Cruz County Jail, Judge Salazar of the Santa Cruz Superior Court "issued an order to the [County] Sheriff's Department to return personal property the defendants had seized from the [P]laintiff." *Id*. ¶ 19. Nevertheless, Plaintiff alleges that "[he] is still missing [cash], personal paperwork, medications, credit cards and computer equipment." *Id*.

After the above arrests and two additional arrests, Plaintiff was charged with various felony counts. MTD II, Exs. B, C, D, E, F.[1] The charges were as follows:

- One felony count of Possession or Ownership of Prohibited Ammunition related to the February 22, 2011 arrest. MTD II, Ex. B.

- Six felony counts of Possession and/or Transportation of a Controlled Substance and similar controlled substance charges related to a March 29, 2012 arrest. *Id*., Ex. C.

---

[1] On November 26, 2013, this Court granted Defendants' request for judicial notice with respect to documents related to Plaintiff's criminal history. ECF No. 34. Included in these documents are minutes from the state court plea colloquy that resulted from the charges stemming from the arrests alleged in this case. *See* ECF No. 12, Exs. 2, 3, 4, 5, 6. These documents are reproduced as Exhibits B, C, D, E, and F to the instant motion.

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

- One misdemeanor count of Court Order Disobedience, related to a violation on April 28, 2011. *Id*., Ex. D.

- One felony count of Possession of a Controlled Substance and two misdemeanor counts of Possession of Paraphernalia and CDL Suspended related to the June 21, 2011 arrest. *Id*. Ex., E.

- Seven counts of Possession and/or Sale of a Controlled Substance related to the August 3, 2011 arrest.

In response to these charges, Plaintiff entered pleas of *nolo contendere* to two charges of Possession and/or Sale of a Controlled Substance associated with his March 29, 2012 arrest, in exchange for the dismissal of all of his remaining charges. MTD II, Exs. B, C, D, E, F. As a result, the remaining charges associated with the February 22, 2011; June 21, 2011; and August 3, 2011 arrests were dismissed. MTD II, Exs. B, C, D, E, F. No charges related to Plaintiff's February 3, 2011 arrest appear to be associated with this plea agreement.

### B. Procedural History

Plaintiff filed his complaint on February 11, 2013, and filed a First Amended Complaint ("FAC") on April 26, 2013, at which point Defendants were served. ECF Nos. 1, 5. The FAC asserted the following causes of action: (1) eminent domain through illegal inverse condemnation under the state and federal constitutional claims; (2) slander and libel; (3) several allegations of false arrest and imprisonment; (4) two separate allegations of cruel and unusual punishment under the Eighth Amendment, California Constitution, and California statute; (5) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (6) elder abuse in violation of California law. *See* ECF No. 27.

Several of the Defendants filed a Motion to Dismiss the FAC with an accompanying request for judicial notice on May 28, 2013. ECF No. 10. The remaining Defendants joined the Motion to Dismiss. ECF No. 18. On June 10, 2013, Plaintiff filed an opposition that contained redactions, ECF No. 20, and on June 18, 2013, Defendants filed a reply, ECF No. 24. On June 19, 2013, at a Case Management Conference, this Court discovered that the FAC had not been signed by either Plaintiff or his counsel.[2] Accordingly, the Court ordered Plaintiff to re-file the FAC with the verification by June 28, 2013. ECF No. 26. The Court's order stated that the verified FAC

---

[2] Plaintiff's current counsel substituted for previous counsel after the Court's order on the first Motion to Dismiss.

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1  would replace the initially filed, unverified FAC and that "Plaintiff [was] not permitted to make

2  any changes to the FAC beyond including the verifications." *Id.* Plaintiff filed the verified FAC,

3  which included signatures of both Plaintiff and his counsel, on June 27, 2013. ECF No. 27. The

4  Court further ordered Plaintiff to re-file the opposition to the Motion to Dismiss without the

5  redactions contained in the original opposition by June 21, 2013, and to provide the Court and

6  Defendants with the DVDs and exhibits that were attached to the initial opposition by June 24,

7  2013. ECF No. 26. On June 27, 2013, Plaintiff filed the opposition without the redactions, along

8  with thirty-six exhibits. ECF No. 28. On July 1, 2013, Defendants filed objections to the verified

9  FAC, the re-filed opposition, and the various attached exhibits. ECF No. 29. Defendants contended

10  that the verified FAC contained various changes from the unverified version, that the opposition

11  and exhibits were untimely filed, and that the exhibits could not be considered because Plaintiff did

12  not seek judicial notice. *Id.* Therefore, Defendants moved to strike these improper documents.

13  Plaintiff filed no opposition to the motion to strike.

14    This Court granted Defendants' Motion to Dismiss on November 26, 2013, but granted

15  Plaintiff leave to amend to cure the deficiencies. *See* ECF No. 34.[3] The Court found that Plaintiff

16  had not adequately pleaded any of the federal causes of action: Fifth Amendment eminent domain,

17  Fourth Amendment false arrest and imprisonment, Eighth Amendment cruel and unusual

18  punishment, and RICO. *Id.* at 7-10. Because Plaintiff did not satisfy the pleading requirements for

19  any federal cause of action, the Court declined to exercise supplemental jurisdiction and dismissed

20  without prejudice the state causes of action. *Id*. at 10-11. The Court's order stated that "[s]hould

21  Plaintiff elect to file a Second Amended Complaint curing the deficiencies identified herein, he

22  shall do so within 21 days of the date of this order. . . . Failure to meet the 21-day deadline to file

23  an amended complaint or failure to cure the deficiencies identified in this order will result in a

24  dismissal with prejudice. Plaintiff may not add new causes of action or parties without leave of the

25  Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15." *Id.* at 11.

26

27

28  ───────────────────
[3] The Court denied the Motion to Strike, finding that ruling on the substance would advance the
litigation more efficiently.

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

Plaintiff retained new counsel after the Court's November 26, 2013 order. *See* ECF No. 43. After requesting and receiving an extension on the deadline to amend the complaint, Plaintiff moved for leave to file a motion to reconsider the Court's November 26, 2013 order. *See* ECF No. 44. Plaintiff contended that the Court had made two errors in the November 26, 2013 order. First, Plaintiff contended that Court inappropriately construed Plaintiff's Fifth Amendment claim as an eminent domain cause of action, rather than as a substantive due process cause of action. *Id.* at 5. Plaintiff further contended that this Court erred in dismissing Plaintiff's false arrest and imprisonment causes of action by applying a one-year statute of limitations rather than a two-year statute of limitations. *Id.* at 7-8. Plaintiff's motion was fully briefed. *See* ECF Nos. 45-46.

On March 19, 2014, the Court, after considering Plaintiff's arguments, amended its November 26, 2013 order to address Plaintiff's concerns and denied the motion for leave to file a motion for reconsideration as moot. *See* ECF No. 49. The Court concluded that its reading of the Fifth Amendment cause of action as arising under the Takings Clause was appropriate. Nonetheless, the Court clarified that Plaintiff, in amending, could attempt to plead a substantive due process theory. ECF No. 50 at 1. The Court, accepting Defendants' arguments, concluded that the Court had erroneously stated that the false imprisonment and arrest causes of action arose under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment and erroneously applied a one-year statute of limitations. Upon review of the FAC, the Court found that Plaintiff was actually alleging state law causes of action for false arrest and imprisonment, and that these causes of action should be dismissed without prejudice due to the Court's declination to exercise supplemental jurisdiction. *See* ECF No. 49 at 10 n.3. Nevertheless, because of the Court's error, the Court clarified that Plaintiff could amend the complaint to "state causes of action for unlawful arrests or imprisonments pursuant to 42 U.S.C. § 1983." ECF No. 50 at 1. The Court, concurrently with the amended order, issued a Case Management Order that clarified the scope of the leave to amend, set the deadline for an amended complaint as 30 days from the Case Management Order, and instructed the parties to meet and confer regarding amendment to narrow the issues related to the pleadings. *Id.* (noting that "Plaintiff may amend his complaint to state a cause of action for violation of substantive due process under the Fifth and Fourteenth Amendments"; "Plaintiff may

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

1    amend his complaint to state causes of action for unlawful arrests or imprisonments pursuant to 42

2    U.S.C. § 1983 related to Defendants' conduct at issue in the First Amended Complaint"; "Plaintiff

3    may amend any of the other causes of action (state or federal) stated in the First Amended

4    Complaint"; and "Plaintiff may not add any other new causes of action or parties without leave of

5    the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.").

6        After requesting and receiving an extension, Plaintiff filed his SAC on May 5, 2014.[4] ECF

7    No. 54. Defendants filed a Motion to Dismiss and/or Strike Portions of Plaintiff's SAC on May 30,

8    2014. *See* MTD II. Plaintiff filed an Opposition on June 13, 2014. ECF No. 61 ("Opp'n").

9    Defendants filed a Reply on June 20, 2014. ECF No. 62 ("Reply").

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

(internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court

"accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light

most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

1025, 1031 (9th Cir. 2008).

---

[4] The SAC dropped a number of Defendants who were named in the FAC: (1) Santa Cruz Sheriff's Department; (2) the Santa Cruz Board of Supervisors; (3) Ross Taylor; (4) Mark Stone; (5) Tamyra Rice; (6) Jessica Espinoza; (7) Tony Falcone; (8) Kevin Fitzpatrick; (9) Dan Campos; (10) Trey Noon; (11) Judge Anderson; and (12) the Felton Business Association. Defendants have requested that claims against these Defendants be dismissed. *See* ECF No. 58 at 1 n.1. The Court GRANTS that request and dismisses with prejudice Plaintiff's claims against these Defendants.

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). A court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

### B.      Leave to Amend

If a court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a district court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Where those conditions are not present, a court generally grants leave to amend.

## III.      DISCUSSION

Plaintiff asserts the following causes of action: (1) excessive force, unlawful search, seizure, detention and arrest in violation of the Fourth and Fourteenth Amendment and in violation of  42 U.S.C. § 1983; (2) cruel and unusual punishment resulting from the deprivation of medical

8

care in violation of the Eighth and Fourteenth Amendments and in violation of  42 U.S.C. § 1983;

and (3) failure to train and unconstitutional policies in practice under *Monell v. Dep't of Soc. Servs.*

*of City of New York*, 436 U.S. 658 (1978), in violation of 42 U.S.C. § 1983.

In their Motion to Dismiss, Defendants contend that both substantive and procedural

defects plague the SAC. Substantively, Defendants make five arguments. First, Defendants argue

that Plaintiff's first cause of action should be completely dismissed as barred by the Supreme

Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). MTD II at i. Second, Defendants

contend that Plaintiff's first cause of action should be completely dismissed because Plaintiff has

not pleaded sufficient facts to state a claim. *Id.* at 18. Third, Defendants contend that Plaintiff's

claims for loss of property should be dismissed because the California law allows Plaintiff a

remedy for any deprivation, which precludes Plaintiff from seeking a federal remedy. *Id.* at 14.

Fourth, Defendants argue that allegations stemming from Plaintiff's February 3, 2011 and February

22, 2011 arrests should be dismissed as time barred. *Id.* at 11. Fifth, Defendants contend that

*Monell* liability cannot apply to individual Defendants. *Id.* at 17-18. Procedurally, Defendants

contend that the Plaintiff has added new parties and causes of action in the SAC in contravention of

the limited amendment permitted by this Court's prior orders. The Court addresses these

contentions by turning to each of Plaintiff's three causes of action in turn.

### A.    Excessive Force, Unlawful Search, Seizure, Detention and Arrests

Plaintiffs' first cause of action is for violations of the Fourth and Fourteenth Amendment in

contravention of 42 U.S.C. § 1983. In this cause of action, Plaintiff alleges that he was arrested,

searched, and imprisoned multiple times "without any probable cause or reasonable suspicion."

SAC ¶ 22. Plaintiff moreover claims that during one of these arrests he was forced "to stand in the

sun for more than seven hours while [Defendants] obtained a search warrant." *Id.* Plaintiff alleges

that in the course of these multiple arrests, the acting officers seized multiple items of his personal

property and have since refused to return them. *Id.* ¶ 23. Plaintiff alleges that these arrests resulted

in a loss of income and personal property, and physical and emotional injury. *Id.* ¶ 24.

Plaintiff's first cause of action sets out three distinct theories of liability under the Fourth

and Fourteenth Amendment: (1) unlawful search, detention, and arrest; (2) unlawful seizure of

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

personal property without return; and (3) use of excessive force during one of his arrests. *Id.* ¶¶ 21-25. The Court addresses each of these theories in turn.

### 1.    Unlawful Search, Detention, and Arrest

Plaintiff first alleges that multiple Defendants, "without any probable cause or reasonable suspicion, caused plaintiff to be false [sic] arrested, searched, arrested [sic], and imprisoned." *Id.* Plaintiff provides few if any facts to support these allegations, other than naming the specific dates of his arrests and alleging that each arrest was performed "with no probable cause or even a reasonable suspicion that plaintiff had committed an arrestable offense." SAC at 5, 7-8.

Defendants first argue that claims related to Plaintiffs' February 3, 2011 and February 22, 2011 arrests are time-barred and should be dismissed. Second, Defendants contend that the unlawful search, detention, and arrest claims with regard to the June 21, 2011 and August 3, 2011 arrests are inadequately pleaded. The Court agrees with Defendants for the reasons stated below.

### a.    Statute of Limitations

Defendants contend that any claims related to the February 3, 2011 and February 22, 2011 arrests are barred by the statute of limitations. *See* MTD II at 12-13.

A Section 1983 claim is subject to the personal injury statute of limitations of the state where the action is brought. *Owens v. Okure*, 488 U.S. 235, 250 (1989). In California, the statute of limitations for personal injury causes of action is two years from the wrongful act. *See* Cal. Civ. Proc. Code § 335.1. In this case, Plaintiff's claims related to his arrest of February 3, 2011 are facially time barred by Cal. Civ. Proc. Code § 335.1 because such claims were not asserted until Plaintiff filed his original complaint on February 11, 2013, more than two years after February 3, 2011. Similarly, Plaintiff's claims related to his arrest of February 22, 2011 are facially time barred by Cal. Civ. Proc. Code § 335.1 because they were not asserted until Plaintiff filed his FAC on April 29, 2013, more than two years after February 22, 2011.[5] *See* FAC ¶¶ 95-96, 99 (alleging

---

[5] The original complaint, filed on February 11, 2013 (within the statute of limitations for the February 22, 2011 arrest) did not allege that Plaintiff had been arrested on February 22, 2011. Plaintiff's only allegation in his original complaint related to February 22, 2011 was that certain Defendants "had an order in the nature of an ejection barring Plaintiff from being on his property . . . to effect necessary repairs mandated by the County." ECF No. 1 at 3. Accordingly, the unlawful search, detention, and arrest claims do not relate back to the original complaint. *Percy v. San Francisco General Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988) (holding that relation back "is proper

10

1   Plaintiff was arrested on February 22, 2011 and made to stand in the sun for seven hours without

2   water).

3          Plaintiff contends that the statute of limitations is tolled by Cal. Civ. Proc. Code § 352.1(a),

4   which provides:

5          If a person entitled to bring an action . . .  is, at the time the cause of action accrued,
          imprisoned on a criminal charge, or in execution under the sentence of a criminal court for
6          a term less than for life, the time of that disability is not a part of the time limited for the
          commencement of the action, not to exceed two years.
7

8   Under Section 352.1, the statute of limitations is only tolled for the continuous period of

9   imprisonment following the accrual of a plaintiff's claim. *See Rollin v. Cook*, 466 Fed. App'x 665,

10   667 (9th Cir. 2012) (holding that a plaintiff's claim was time-barred because his dates of

11   incarceration were not continuous from the accrual date of his Section 1983 claim (citing *Cal.*

12   *Savings & Loan Soc. v. Culver*, 127 Cal. 107, 110-11 (1899)).

13          However, Plaintiff has not alleged any facts in the SAC that would support tolling. There is

14   no indication in the SAC of the period for which Plaintiff was imprisoned as of February 3, 2011 or

15   as of February 22, 2011. Plaintiff bears the burden of pleading facts sufficient to establish that the

16   statute of limitations should have been tolled until February 11, 2013 and April 29, 2013 for his

17   two arrests.[6] *See Hinton v. Pacific Enterprises*, 5 F. 3d 391, 396 (9th Cir. 1993) ("The burden of

18   alleging facts which would give rise to tolling falls upon the plaintiff."). Plaintiff's failure to do so

19   is fatal to his unlawful arrest, detention, and search claims arising out of his February 3, 2011 and

20   February 22, 2011 arrests.

21          In his Opposition, Plaintiff seeks leave to amend if the Court concludes that facts regarding

22   Plaintiff's incarceration are necessary to plead tolling. Opp'n at 5. The Court does not grant leave

23   to amend at this time. Plaintiff was well aware of the statute of limitations period for 42 U.S.C. §

24   _____

25   if the original pleading put the defendant on notice of the 'particular transaction or set of facts' that
     the plaintiff believes to have caused the complained of injury").

26   [6] Plaintiff states in his Opposition that "[P]laintiff was incarcerated for more than 200 days." Opp'n
     at 5. There is some support for this contention in the SAC, which states that Plaintiff spent "a total

27   of 5 months in COUNTY jail." SAC ¶ 16. Nonetheless, Plaintiff has not alleged the dates of his
     incarceration or that the period of incarceration was continuous from the date of his February 3,

28   2011 and February 22, 2011 arrests. Accordingly, he cannot avail himself of tolling under Section
     352.1.

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1983 claims before filing the SAC, as demonstrated by his motion for leave to file a motion for reconsideration. ECF No. 44 at 8 (acknowledging that the February 3, 2011 arrest was outside the two-year statute of limitations). Moreover, Defendants and Plaintiff conferred about the statute of limitations problem before the SAC was filed. Opp'n at 5 n.1. Despite being on notice that Section 1983 claims in California are subject to a two-year statute of limitations, Plaintiff pleaded no facts that would support tolling the statute of limitations. Moreover, here, the facts that could support Plaintiff's theory of tolling due to incarceration, that Plaintiff was incarcerated for some time during the statute of limitations period, would be within Plaintiff's knowledge. Opp'n at 9 n.3 (seeking discovery). Discovery should not be necessary for Plaintiff to know and to plead how long he was incarcerated as a result of his arrest. Furthermore, Plaintiff has already amended his complaint twice.[7] Accordingly, the Court finds that due to undue delay and repeated failure to cure deficiencies. Therefore, further leave to amend would be futile and thus will not be granted at this time.

### b.    Inadequate Pleading

With regard to the two remaining challenged arrests, June 12, 2011 and August 3, 2011, Defendants contend that Plaintiff has not pled sufficient facts to state a cause of action for unlawful search, detention, and arrest. MTD II at 18-19.

The Fourth Amendment guarantees freedom from "unreasonable searches and seizures." U.S. Const. amend. IV. This reasonableness standard is "predominately an objective inquiry." *Ashcroft v. al-Kidd*, 131 S. Ct. 2974, 2080 (2011). "Claims of unreasonable seizure, unlawful detention, unlawful arrest, and excessive force are all analyzed according to this objective standard, 'in light of the facts and circumstances confronting [the police officer], without regard to their underlying intent or motivation.'" *Davis v. City of San Jose*, No. 14-2035, 2014 WL 2859189, at *4 (N.D. Cal. June 20, 2014) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Accordingly,

---

[7] Plaintiff states: "In plaintiff's counsel's defense, since she was dealing with a complaint prepared by plaintiff's predecessor attorney, this was her first opportunity to amend and under the circumstances, it would be fair to consider it as a First Amended Complaint." Opp'n at 9 n.2. While the Court acknowledges that this is counsel's first complaint, it is Plaintiff's third complaint. The Court cannot allow repeated amendments each time a plaintiff substitutes counsel, as that would lead to prolonged uncertainty in the pleadings.

1    Plaintiff is required to plead facts sufficient for the Court to conclude that "it is plausible, as

2    opposed to merely possible, that there was no probable cause or reasonable suspicion [for the

3    arresting officers] to detain Plaintiff," such that the actions of search, detention, and arrest

4    committed by the officers were objectively unreasonable in light of the circumstances. *See id.*;

5    *Iqbal*, 566 U.S. at 678.

6        Plaintiff has failed to do so here. The only facts Plaintiff alleges in conjunction with his

7    arrest are that on June 21, 2011, and August 3, 2011, "with no probable cause or even a reasonable

8    suspicion that [P]laintiff had committed an arrestable offense, defendants . . . unlawfully detained

9    and arrested [P]laintiff." SAC ¶¶ 8-11. Nowhere in Plaintiff's SAC does he allege *why* he was

10   arrested, *why* the arresting officers lacked probable cause or reasonable suspicion, or *why* Plaintiff

11   believes Defendants' conduct was unreasonable. *Id*. Instead, Plaintiff merely asserts the legal

12   conclusions that Defendants' actions were taken "without probable cause or even a reasonable

13   suspicion." *Id*.

14       This is insufficient. Plaintiff must plead "sufficient factual matter, accepted as true, to state

15   a claim to relief that is plausible on its face." *Iqbal*, 566 U.S. at 678. Instead, Plaintiff puts forth

16   merely "labels and conclusions," in essence only "a formulaic recitation of the elements of a cause

17   of action." *Twombly*, 550 U.S. at 1965; *see also Newman v. Show Low Police Dept.*, No. 13-8005,

18   2014 WL 880621, at *3 (D. Ariz. Mar. 6, 2014) (holding plaintiff alleged only legal conclusions

19   and not facts, and therefore failed to meet the pleading requirement because plaintiff alleged only

20   that he was "subjected to an unreasonable search and seizure, falsely arrested, and searched without

21   a warrant"). Because Plaintiff has not stated any facts regarding the circumstances of his arrest, the

22   Court cannot conclude that Plaintiff has adequately pleaded his theory of unlawful search, arrest,

23   and detention.

24       The Court will not grant further leave to amend on this theory at this time. Plaintiff has had

25   multiple opportunities to amend the complaint to state the elements of an unlawful search,

26   detention, and arrest theory. Moreover, the facts necessary to state this theory—why Plaintiff

27   believes the arrests were unreasonable—are within Plaintiff's knowledge and should not require

28

**United States District Court**
For the Northern District of California

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

1  discovery.[8] Finally, the case has been pending for more than a year. Accordingly, the Court finds

2  undue delay and repeated failure to cure deficiencies and therefore does not grant leave to amend

3  based on a finding of futility.

### c.    Conclusion

5      The Court therefore finds that Plaintiff has failed to allege facts sufficient to state a claim

6  for unlawful search, detention and arrest based on untimeliness and inadequate pleading.

7  Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claims of unlawful

8  search, detention and arrest for failure to state a claim upon which relief can be granted, pursuant to

9  Fed. R. Civ. P. 12(b)(6). Plaintiff may not amend his complaint to cure this defect, as he has

10 received multiple opportunities to amend his complaint to allege sufficient facts and has repeatedly

11 failed to do so. *See Foman*, 371 U.S. at 182 (holding that "repeated failure to cure deficiencies by

12 amendments previously allowed" is an appropriate reason for the court to deny leave to amend).

13 The Court finds that further amendment would be futile. The Court therefore DISMISSES WITH

14 PREJUDICE Defendants Baldridge, Hop, Hensen, Mitchell, Harris, Smith, Clark, Taylor, Barton,

15 Hansen, Cassingham, Gazza, Cragin, Medina, Ye, McPeek, and Fairbanks, as the only alleged

16 involvement of these Defendants in the instant case were the hereby dismissed allegedly unlawful

17 searches, arrests, and detentions.[9]

### 2.    Unlawful Seizure of Personal Property

19     Plaintiff next alleges that various Defendants unlawfully seized and refused to return his

20 personal property during the above-mentioned arrests and detentions. SAC ¶ 23. Plaintiff

21 specifically alleges that in the course of Plaintiff's arrests, Defendants seized from Plaintiff items

22 including "cash, medications, vehicles, personal papers, credit cards and computer equipment." *Id.*

23 ¶ 19. Plaintiff contends that even after an order from the Santa Cruz County Superior Court

---

[8] The Court stayed discovery in this case on June 19, 2013 in light of the issues surrounding the pleadings. *See* ECF No. 26. Plaintiff never requested that the discovery stay be lifted prior to filing the SAC. Moreover, despite the stay, Plaintiff has represented that he has received initial disclosures from Defendants. *See* Opp'n at 2.

[9] Because the Court dismisses on statute of limitations and failure to state a claim grounds, the Court does not reach Defendants' contentions that the unlawful arrest, detention, and search claims are barred by *Heck v. Humphrey* and that Plaintiff has added new Defendants to this cause of action without leave of the Court.

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

1   requiring Defendants to return to Plaintiff his property, "Plaintiff is still missing cas[h], personal

2   paperwork, medications, credit cards and computer equipment." *Id*.

3       It is not altogether clear whether Plaintiff's contention regarding Defendants' seizure of his

4   personal property is premised on a procedural or a substantive concern with the Defendants'

5   conduct. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (distinguishing between procedural and

6   substantive claims under the Fourteenth Amendment). Regardless, the Court finds the SAC

7   inadequate for the reasons stated below.

8       With regard to any substantive claim, under the Fourth Amendment, the Supreme Court has

9   held that "seizures of personal property are unreasonable within the meaning of the Fourth

10  Amendment, without more, unless accomplished pursuant to a judicial warrant, issued by a neutral

11  magistrate after finding probable cause." *Illinois v. McArthur*, 531 U.S. 326, 330 (2001) (internal

12  quotation marks omitted). However, the Supreme Court has noted that "there are exceptions to the

13  warrant requirement." *Id.* The Ninth Circuit has held that there is an exception for a seizure

14  incident to a lawful arrest. *See Menotti v. City of Seattle*, 409 F.3d 1113, 1153 (9th Cir. 2005)

15  ("[A]mple precedent . . . permit[s] a search or seizure 'incident to arrest.'"). In the instant case,

16  Plaintiff concedes in the SAC that the seizure of the property was incident to the arrests discussed

17  above. *See* SAC ¶ 19 (noting Defendants "seized [personal property] from the [P]laintiff in the

18  course of the false arrests). As discussed above, Plaintiff has not pleaded sufficient facts to state a

19  claim that the arrests were unlawful. Accordingly, it follows that Plaintiff has failed to plead that

20  the seizure of his property was not incident to a lawful arrest and was therefore itself unlawful. *See*

21  *Zinermon*, 494 U.S. at 125 (holding that an unlawful seizure "is complete when the wrongful action

22  is taken").

23      With regard to Plaintiff's procedural claim, the Supreme Court has held that "an

24  unauthorized intentional deprivation of property by a state employee does not constitute a violation

25  of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

26  meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517,

27  534-35 (1984). Applying *Hudson*, the Ninth Circuit has stated that "California Law provides an

28  adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813,

15

United States District Court
For the Northern District of California

816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). In the instant case, Plaintiff's own allegations in the SAC suggest that Plaintiff filed a claim against Defendants in Santa Cruz County Superior Court and that Plaintiff prevailed in that action. SAC ¶ 19. ("On June 21, 2012, Santa Cruz Superior Court Judge Salazar issued an order to the [County] Sheriffs' Department to return personal property the [D]efendants had seized from the [P]laintiff."). Accordingly, Plaintiff himself has acknowledged the availability of a post-deprivation remedy for unauthorized seizure of property by the State. *See id*.[10]

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's first cause of action as it relates to the unlawful seizure theory. Moreover, because the Court finds that these legal defects cannot be cured, the Court will not allow Plaintiff to further amend the lost property theory, as any amendment would be futile.[11]

### 3.    Excessive Force

Plaintiff also alleges as part of his first cause of action that the officers who arrested Plaintiff on February 22, 2011 used excessive force in the course of the arrest. SAC ¶¶ 9, 22. Plaintiff alleges that "[d]uring the course of the detention and arrest, [Defendant] Sgt. ROSS instructed the other officers present to refuse to provide [P]laintiff with shade or water and these [D]efendants made [P]laintiff stand in the blaring sun for more than seven hours while they obtained a search warrant." *Id*. ¶ 9. Plaintiff alleges that as a result of these actions, he "not only suffered the usual symptoms of heat prostration, but also his skin, which was infected with cancer, began to bleed." *Id*. However, as discussed above, claims arising out of the February 22, 2011 arrest are time barred by Cal. Civ. Proc. Code § 335.1. Because the Court finds undue delay and a repeated failure to cure deficiencies, as discussed above, the Court will not grant further leave to amend at this time. Accordingly, the Court does not reach Defendants' other contentions with

---

[10] In his Opposition to the instant Motion, Plaintiff contends that there is no adequate post-deprivation remedy because Plaintiff has not received his property despite the fact that the state court ordered the return of his property. Opp'n at 8. To the extent that Plaintiff alleges that Defendants have failed to return Plaintiff's property despite the state court's order to do so, Plaintiff's remedy lies in moving for contempt proceedings in state court rather than seeking a remedy under section 1983 in federal court.

[11] Because the Court dismisses Plaintiff's unlawful seizure claims due to a failure to state a claim, the Court does not reach Defendants' contention that Plaintiff's claims for unlawful seizure should be dismissed as unauthorized new claims in the SAC.

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

1    respect to the excessive force theory and GRANTS Defendants' Motion to Dismiss the excessive

2    force claim.[12]

3    **B.    Eighth Amendment Violations**

4    Plaintiff next alleges that while incarcerated, various Defendants violated his Eighth and

5    Fourteenth Amendment rights by depriving Plaintiff of necessary medical care. SAC ¶ 27. Plaintiff

6    specifically alleges that "[w]hile [P]laintiff was imprisoned in the [county] jail, he was suffering

7    from multiple serious health problems including but not limited to heart trouble, kidney failure,

8    strokes, edema, aortic aneurism, diabetes, hypertension, skin cancer and gout." *Id.* ¶ 13. Plaintiff

9    alleges that various named Defendants "were fully aware of [P]laintiff's serious medical condition

10   and willfully and knowingly deprived Plaintiff of the necessary medications prescribed by his

11   physician to alleviate several life-threatening conditions including cardiac and renal failure." *Id.* ¶

12   15. Plaintiff claims that as a result of these actions, he suffered "serious setbacks to his health

13   including edema causing him to be unable to walk, renal failure and other life-threatening

14   conditions" with the ultimate effect of shortening his life. *Id.* ¶ 18.

15   Defendants do not move to dismiss the Eighth Amendment claim on the merits, and

16   Defendants do not in any way challenge the adequacy of the allegations in the SAC as to

17   Defendants Leff, Wowak, and Hart. However, Defendants contend that Defendants Verinsky and

18   Plageman are new parties added without the Court's leave and should therefore be dismissed. MTD

19   II at 11. The Court agrees with Defendants that Verinsky and Plageman are new parties added

20   without the Court's leave. Nonetheless, the Court construes Plaintiff's Opposition to the instant

21   Motion and the SAC as a motion for leave to amend and allows Plaintiff to proceed against these

22   newly added Defendants.[13] The Court must grant leave to amend when it does not find (1) undue

23   delay on the part of the moving party; (2) bad faith or dilatory motive on the part of the moving

---

[12] In light of this Court's finding that Plaintiff's excessive force claim related to the February 22, 2011 arrest is barred by the statute of limitations, the Court does not reach Defendant's contentions that the excessive force claim is barred by *Heck*, that Plaintiff has not adequately pleaded an excessive force claim, and that the excessive force claim is an unauthorized addition to the SAC.

[13] Plaintiff notes in his Opposition that he could have "requested to add these . . . defendants through a motion to the court." Opp'n at 3. The Court agrees and concludes that it would be more efficient to dispense with unnecessary motion practice where it is clear that leave to amend would be granted.

17

party; (3) repeated failure to cure deficiencies on the part of the moving party; (4) undue prejudice to the opposing party should leave be granted; or (5) that amendment would be futile. *See Foman*, 371 U.S. at 182.

In the instant case, the Court finds none of these factors present. Specifically, in the FAC, Plaintiff alleged the broad outlines of the Eighth Amendment theory, that jail officials were deliberately indifferent to serious medical needs. FAC ¶¶ 117-20. The factual underpinnings of the Eighth Amendment cause of action, while insufficiently specific in the FAC, nonetheless appeared in the FAC. In light of the allegations in the FAC, the Court cannot find that prison officials responsible for medical care would be unduly prejudiced by Plaintiff's amendment to correctly name them. Moreover, the addition of the specific names resulted not from undue delay or bad faith, but rather from Plaintiff's need to change counsel and from information discovered through initial disclosures. *See* Opp'n at 2. Finally, the Court cannot find repeated failure to cure deficiencies or futility because Defendants do not even substantively challenge the adequacy of the allegations to state an Eighth Amendment cause of action.

Because the Court finds that granting leave to amend would be appropriate, the Court DENIES Defendants' Motion to Dismiss the Eighth Amendment cause of action as to Defendants Verinsky and Plageman.

### C.   *Monell* Liability

Finally, Plaintiff alleges that the Defendants County of Santa Cruz and its agents "developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of such rights." SAC ¶ 30. Plaintiff alleges these acts included failure to: (1) "adequately supervise and train its [the County's] officers and agents;" (2) "properly and adequately monitor and discipline its officers;" and (3) "adequately and properly investigate citizen complaints of officer misconduct." *Id.* ¶ 33. Plaintiff also alleges that Defendant Santa Cruz County "developed, implemented, enforced, encouraged and sanctioned [the] de facto polic[ies] of" "unlawfully detaining, arresting, searching and imprisoning individuals such as the Plaintiff herein without reasonable suspicion or probable cause" and "unlawfully and deliberately withholding medication

18

1    and treatment for jail inmates, such as the plaintiff herein, with the knowledge that such deliberate

2    interference . . . may have serious and dire health consequences." *Id.* ¶¶ 34-35.  Defendants contend

3    that the individually named Defendants in the third cause of action should be dismissed because

4    *Monell* liability does not apply to individual actors. Defendants also contend that the third cause of

5    action is procedurally improper because *Monell* liability is a cause of action added without leave of

6    the Court. The Court addresses each of these contentions in turn.

7                    **1.     Applicability to Individuals**

8         First, Defendants contend that Plaintiff's claims against individual Defendants under

9    *Monell* should be dismissed because *Monell* does not apply to individual actors. Defendants are

10   correct. *See Guillory v. Orange County*, 731 F.2d 1379, 1382 (9th Cir. 1984) ("*Monell* does not

11   concern liability of individuals acting under color of state law."). *Monell* liability applies only to

12   municipal or other local government units when Plaintiff alleges unconstitutional action on the part

13   of a government entity, and "the action that is alleged to be unconstitutional implements or

14   executes a policy statement, ordinance, regulation or decision officially adopted and promulgated

15   by that body's officers." *Monell*, 436 U.S. at 690. Therefore, *Monell* liability only applies to

16   government entities when employees of such entities are found to have committed other

17   constitutional violations and "a policy, practice or custom of the entity can be shown to be a

18   moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d

19   892, 900 (9th Cir. 2011). Accordingly, the Court GRANTS Defendants' Motion to Dismiss the

20   *Monell* claims against Defendants Wowak, Hart, Verinsky, Plageman, and Ross. The Court denies

21   leave to amend because amendment of the *Monell* claim against individual defendants would be

22   futile.

23                    **2.     New Cause of Action**

24        Second, Defendants argue that Plaintiff should be barred from asserting a cause of action

25   for *Monell* liability in the SAC because it is a new cause of action not approved by the Court. The

26   Court agrees that *Monell* liability was not specifically alleged as a cause of action in the FAC.

27   Nevertheless, the Court construes the SAC as a motion for leave to amend and grants the motion

28   under Fed. R. Civ. P. 15(a). As discussed above, the Court must grant leave to amend unless it

                                            19

United States District Court
For the Northern District of California

1    finds (1) undue delay on the part of the moving party; (2) bad faith or dilatory motive on the part of

2    the moving party; (3) repeated failure to cure deficiencies on the part of the moving party; (4)

3    undue prejudice to the opposing party should leave be granted; or (5) that amendment would be

4    futile. *See Foman*, 371 U.S. at 182.

5         In the instant case, the Court finds that none of these factors is present. In fact, while

6    *Monell* liability was not a cause of action in the FAC, the facts underpinning the *Monell* cause of

7    action were present. Specifically, in the FAC, Plaintiff named Santa Cruz County as a defendant

8    and alleged that the County "instituted a policy or custom that in fact willfully fosters the denial of

9    Defendant's [sic] and others [sic] civil rights." *See* FAC at 86, 101. Because the facts underpinning

10   a *Monell* claim were in the FAC, the Court cannot conclude that the County would be prejudiced

11   by having to defend against a *Monell* claim, nor can the Court conclude that Plaintiff unduly

12   delayed. Further, there has been no bad faith, as the clear articulation of *Monell* liability resulted

13   from a change in counsel rather than any wrongdoing. Furthermore, there has been no repeated

14   failure to cure deficiencies with respect to the *Monell* claim. To the extent Plaintiff was attempting

15   to state a *Monell* claim in the FAC, that effort failed because Plaintiff failed to allege an underlying

16   constitutional violation. That defect has been remedied, as Plaintiff has undisputedly adequately

17   alleged an Eighth Amendment violation, as discussed above. Finally, the Court does not find

18   futility because Defendants have not challenged the adequacy of the allegations as to the *Monell*

19   claim.

20        Because the Court finds that granting leave to amend would be appropriate, the Court

21   DENIES Defendants' Motion to Dismiss Plaintiff's third cause of action as an impermissible

22   addition to the SAC.

23   **IV.    CONCLUSION**

24        For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED IN PART and

25   DENIED IN PART. Plaintiff may proceed on his claims that (1) Defendants Leff, Wowak, Hart,

26   Verinsky, and Plageman violated 42 U.S.C. § 1983 by exercising deliberate indifference toward

27   Plaintiff's medical needs in violation of the Eighth and Fourteenth Amendments; and (2)

28

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

Defendant County of Santa Cruz violated 42 U.S.C. § 1983 under a theory *Monell* liability. All remaining Defendants and Plaintiff's first cause of action are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: July 22, 2014

_____
LUCY H. KOH
United States District Judge

Case No.: 13-CV-00595 LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS